392 So.2d 911 (1980)
METROPOLITAN DADE COUNTY, Appellant,
v.
Gloria Y. YELVINGTON and James O. Yelvington, Her Husband, Appellees.
No. 79-1588.
District Court of Appeal of Florida, Third District.
May 13, 1980.
*912 Robert A. Ginsburg, County Atty. and Thomas Goldstein, Asst. County Atty., for appellant.
James O. Nelson, Miami, for appellees.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
DANIEL S. PEARSON, Judge.
Mrs. Yelvington slipped on an algae-coated boat launching ramp at Pelican Harbor, a recreational facility operated and maintained by Metropolitan Dade County.[1] She and her husband sued the County for damages arising from her injuries. A jury returned a verdict in favor of these plaintiffs and specially found that Mrs. Yelvington was sixty per cent negligent. From the trial court's judgment thereon both sides have appealed, and we affirm.
The County asserts first, that Section 375.251, Florida Statutes (1975), relieves it of any duty of care toward any person who goes onto Pelican Harbor or any park area which it provides. This contention was rejected in McPhee v. Dade County, 362 So.2d 74 (Fla. 3d DCA 1978), and is rejected here.[2]
The County's second argument is that Mrs. Yelvington's negligence in failing to look out for her own safety in the face of the open and obvious algae condition precludes the plaintiffs from recovering any damages. This argument is similarly rejected. The slippery algae condition on the boat launching ramp was not, as a matter of law, so open and obvious as to completely relieve the defendant of liability. See, e.g., Rice v. Florida Power & Light Co., 363 So.2d 834 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 460 (Fla. 1979). Nor can it be said that, as a matter of law, the defendant was not chargeable with any knowledge of the danger. See, e.g., Vermont Mutual Insurance Co. v. Conway, 358 So.2d 123 (Fla. 1st DCA 1978). To the extent that Mrs. Yelvington was negligent in not perceiving the danger created by the County, her negligence was not a bar to recovery, but rather was reflected in the jury's special verdict on comparative negligence. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973); Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977); Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). Cf. Auburn Machine Works *913 Co., Inc. v. Jones, 366 So.2d 1167 (Fla. 1979) (holding that in a products liability action the "patent danger" or "open and obvious hazard" doctrine is not a bar to recovery, but a defense to which the principles of comparative negligence apply). Where a possessor of land should anticipate the harm which may be caused by a condition on the land, he may be liable despite the obviousness of the hazard. Restatement (Second) of Torts, § 343A.
On their cross-appeal, the Yelvingtons contend that there was no evidence to support the jury's finding that Mrs. Yelvington was negligent to any degree. We hold that there was ample evidence to support the jury's special verdict that Mrs. Yelvington was sixty per cent negligent.
Affirmed.
NOTES
[1] While there was evidence that the ramp also contained recently washed-up seaweed about which the County may not have had notice, there was sufficient evidence presented upon which the jury could have concluded that Mrs. Yelvington slipped on a two or three-month buildup of algae.
[2] The holding in McPhee was that the County, as a political subdivision of the sovereign, is immune from liability. Thus, the statement in McPhee that Section 375.251 does not apply to a county could be considered dictum. We now hold that Section 375.251 does not apply to a county.