401 So.2d 1328 (1981)
Michael MANSUR and Marie Grigsby, Petitioners,
v.
Mary G. EUBANKS, Jean M. Barnett, and Auto Owners Insurance Co., Respondents.
No. 56597.
Supreme Court of Florida.
July 30, 1981.
Ronald W. Ritchie of Reeves, Barfield & King, Pensacola, for petitioners.
Donald H. Partington of Clark, Partington, Hart & Hart, Pensacola, for respondents.
*1329 BOYD, Justice.
This cause is before the Court on petition for certiorari to review the decision of the district court of appeal in Mansur v. Eubanks, 368 So.2d 645 (Fla. 1st DCA 1979). Jurisdiction is predicated on conflict of decisions. Art. V, § 3(b)(3), Fla. Const. (1972).
The decision of the district court was to affirm the summary judgments entered in favor of the respondents in this personal injury action brought on the ground of negligence.
Sometime in mid-July, 1976, Marie Grigsby paid a deposit of $25 to Jean M. Barnett in order to reserve an apartment owned by Mrs. Barnett and Mary G. Eubanks. By their informal oral agreement, the apartment was to be available for occupancy, and the term of lease would commence, on August 1, 1976. On July 31, Grigsby began moving her possessions into the apartment. Michael Mansur, who lived in an adjacent apartment also owned by Barnett and Eubanks, helped Grigsby move in. In an effort to get the gas-fueled appliances (stove and water heater) operational, Grigsby and Mansur opened the gas line from outside the apartment. Then they attempted to light the stove and smelled gas in the process. Then they proceeded to try to light the water heater. Mansur struck a match and an explosion occurred. According to his complaint, he was seriously injured.
The district court affirmed the summary judgment by reference to the rule of caveat lessee, under which doctrine it is held that once possession and control of leased premises passes to the tenant, the landlord is not liable for injuries cause by the condition of the leased premises. The court quoted from Brooks v. Peters, 157 Fla. 141, 145, 25 So.2d 205, 206-7 (1946), where this Court said:
It is established law that when a landlord delivers to the tenant possession and control of the demised premises, including the plumbing, drains, and appliances for heating, lighting, and power, the landlord is not liable for an injury to the property or person of the tenant or those on the premises in the right of the tenant, although such injuries are attributable to defects in such apparatus, appliances or fixtures. Thus a tenant may not hold a landlord liable for injuries caused by explosion of plumbing, or heating apparatus on premises, the possession and control of which have been surrendered to him in the absence of fraud or concealment. 32 Am.Jur. 624, 625, § 746.
The landlord's liability is based on his right of control over the appliances and he is not liable for injuries for defects in appliances located on the leased premises if he does not reserve control thereof, and accordingly it has been held that he is not liable for defects in water pipes in an apartment when the only purpose of such pipes is to supply and distribute water for the apartment. On the other hand, he is liable for defects in pipes on the leased premises if he retains control thereof. Tiffany on Landlord and Tenant, Vol. 1, pages 644, 645, par. 92.
Where the landlord surrenders possession and control of the leased premises to the tenant, in the absence of fraud or concealment, the tenant assumes the risk as to the condition of the premises, including the heating, lighting apparatus, plumbing, water pipes, sewers, etc. In other words, the rule of caveat emptor applies, hence the landlord is not liable for any personal injuries or sickness of tenants, although attributable to the defects in the fixtures. See Mansell v. Hands, 235 Mass. 253, 126 N.E. 391, 13 A.L.R. 835, and annotations; Godbrecht v. Beckwith, 82 N.H. 415, 135 A. 20, 52 A.L.R. 858, and annotations.
The district court of appeal noted that its decision was in conflict with Alexander v. Fiftieth Street Heights Co., 334 So.2d 161 (Fla. 3d DCA 1976). There it was held that a lessor has a duty "to properly inspect the premises prior to the occupancy" and "to furnish reasonably safe premises to the lessee." Id. at 163.
We resolve the conflict by overruling Brooks v. Peters and adopting the Alexander rule. We hold that the owner of a residential dwelling unit, who leases it to a *1330 tenant for residential purposes, has a duty to reasonably inspect the premises before allowing the tenant to take possession, and to make the repairs necessary to transfer a reasonably safe dwelling unit to the tenant unless defects are waived by the tenant. This duty may be modified by agreement of the parties.
After the tenant takes possession, the landlord has a continuing duty to exercise reasonable care to repair dangerous defective conditions upon notice of their existence by the tenant, unless waived by the tenant. This latter duty corresponds to the statutory warranty of habitability noted by Judge Ervin in his concurring opinion below. § 83.51(1), Fla. Stat. (1977); Mansur v. Eubanks, 368 So.2d at 650, n. 11 (Fla. App.) (Ervin, J., concurring).
We do not believe there are sufficient reasons to continue to completely insulate the landlord from liability. We live in an age when the complexities of housing construction place the landlord in much better position than the tenant to guard against dangerous conditions. See Old Town Development Co. v. Langford, 349 N.E.2d 744 (Ind. App. 1976), superseded, 267 Ind. 176, 369 N.E.2d 404 (1977); Sargent v. Ross, 113 N.H. 388, 308 A.2d 528 (1973); Pagelsdorf v. Safeco Insurance Co., 91 Wis.2d 734, 284 N.W.2d 55 (1979).
In rendering summary judgment the trial court recited that there were no genuine issues of material fact but did not indicate what principle of law entitled the defendants to judgment in their favor.
The district court concluded that the pleadings and depositions showed that Grigsby had taken possession of the apartment by leave of the owners and that therefore the lease and the relationship of landlord and tenant had commenced by the time of the accident. The record shows, however, that there was a factual dispute as to this matter.
The district court also concluded that the explosion was caused by gas that escaped through a gap where the stove had been disconnected from the gas line. The actual cause of the explosion, however, and the questions of knowledge of and responsibility for the disconnected line were disputed matters which were never litigated due to the summary judgment.
The decision of the district court of appeal, affirming summary judgment, is quashed. We direct that the cause be remanded to the trial court for further proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON and ENGLAND, JJ., concur.
ALDERMAN and McDONALD, JJ., concur in result only.