McDonald, justice.
The Supreme Court Committee on Standard Jury Instructions (Civil) requests that the committee and the Florida Bar be authorized to publish a complete revision of 3.5i, landlord’s negligence (toward tenant), with comments, Florida Standard Jury Instructions (Civil). Permission to publish the requested revision with comment is granted.*
it js so ordered
ALDERMAN, C. J., and ADKINS, BOYD, OVERTON, SUNDBERG and EHRLICH, JJ., concur.

 The requested revision is as follows:
Substitute the following for existing 3.5i: 3.5i
LANDLORD’S NEGLIGENCE (TOWARD TENANT)
i.Landlord’s negligence (toward tenant) : when leased premises are not residential: whether (defendant landlord) negligently failed to disclose to (claimant tenant) a dangerous condition on the leased premises which was known to (defendant), which was not known to (claimant) or discoverable by him by the use of reasonable care, and which (defendant) had reason to believe (claimant) could not discover; and, if so, when leased premises are residential (not common areas): whether [, before allowing (claimant tenant) to take possession of the dwelling, (defendant landlord) negligently failed to repair a defect that was discoverable by a reasonable inspection] [or] [, after (claimant tenant) took possession of the dwelling, (defendant landlord) negligently failed to repair a dangerous or defective condition on the premises of which he had actual notice]; and, if so,

Comment on 3.5i

1. Revision / /82, reflecting a greater duty by landlord to tenant on leased residential premises, was derived from Mansur v. Eubanks, 401 So.2d 1328 (Fla.1981), overruling to that extent Brooks v. Peters, 157 Fla. 141, 25 So.2d 205 (1946). See also § 83.51, Fla.Stat. (1981), which may impose on the landlord greater duties, in respect to conditions arising after tenant’s possession, than were addressed in Mansur. If other or greater duties are imposed by the statute, charge 3.5i should be modified to express those duties in the terms of the case. Charge 3.5i pertains to the landlord’s duties, not the tenant’s, but the committee calls attention to statutes in chapter 83 imposing certain duties on the tenant, which may affect the landlord’s duties as expressed in this charge.
2. Common areas. In respect to common areas the landlord’s duty to the tenant is stated in 3.5f. The landlord’s duty to others in common areas is the same as owed by any landowner or possessor of land, e.g., 3.5f, 3.5g.
3. Persons invited on leased residential premises by tenant. The landlord’s duty to persons invited on leased residential premises by the tenant is the same as the landlord’s duty to the tenant. Mansur v. Eubanks, 401 So.2d 1328 (Fla.1981).
4. Waiver. The committee expresses no opinion about whether a tenant may waive duties owed him by the landlord. Compare Mansur v. Eubanks, 401 So.2d 1328 (Fla. 1981), with §§ 83.51(1)(b), 83.51(4), and 83.-47, Fla.Stat. (1981).