423 So.2d 578 (1982)
Dorothy Q. CHAPMAN, As Personal Representative of the Estate of Wilma Arlene Chapman, Deceased, Appellant,
v.
PINELLAS COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 82-1187.
District Court of Appeal of Florida, Second District.
December 17, 1982.
*579 Robert M. Todd of Mattson, McGrady & Todd, P.A., St. Petersburg, for appellant.
W. Gray Dunlap, County Atty., and Gerard R. Quinlan, Asst. County Atty., Clearwater, for appellee.
SCHEB, Judge.
The plaintiff in a wrongful death action challenges the trial court's entry of a summary final judgment in favor of the county. We reverse.
At an outing sponsored by Spencer Memorial Baptist School, Wilma Chapman drowned on July 25, 1980, while swimming in a lake at a park owned by Pinellas County. Her mother, Dorothy Chapman, individually, and as personal representative, brought a wrongful death action against the school and the county. Plaintiff alleged that the death of her six-year-old daughter was due to the negligence of the defendants.
Pinellas County answered denying negligence and incorporating several affirmative defenses. In one defense the county asserted it was not liable because of section 375.251, Florida Statutes (1979). Subsection (2) of the statute states that an owner who, without charge, provides a park area to the public for recreational purposes owes no duty of care to keep that park area safe for use by others. The county moved for summary judgment on basis of the statute. The trial court recognized that our sister court in Metropolitan Dade County v. Yelvington, 392 So.2d 911 (Fla.3d DCA), petition for review denied, 389 So.2d 1113 (Fla. 1980), held that section 375.251 does not apply to a county. The court, however, rejected this precedent and held that the better rationale was that the statute did apply and its effect was to immunize the county. Noting its ruling was consistent with other holdings in the Sixth Judicial Circuit, the trial court entered summary final judgment in favor of Pinellas County. This appeal ensued.
We agree with Yelvington and hold that section 375.251 does not apply to counties. Subsection (1) thereof provides:
The purpose of this act is to encourage persons to make available to the public land, water areas and park areas for outdoor recreational purposes by limiting their liability to persons going thereon and to third persons who may be damaged by the acts or omissions of persons going thereon.
(Emphasis supplied.)
As the county observes, the Third District did not explicate its reasoning process in Yelvington. We think the obvious intent of the legislature in enacting section 375.251 was to encourage private owners and lessees *580 to open their land to the public for recreational use. In exchange, they would be relieved of any duty of care toward any recreational users of that land. Since the statute does not apply if any charge is made for entering or using the park area, private parties must pay for their maintenance expenses. A county, on the other hand, generally maintains its parks from available tax funds.
When the statute was passed in 1963, counties were afforded sovereign immunity absent any waiver by legislative enactment. See Art. X, § 13, Fla. Const. No such waiver existed at that time, and it is logical to conclude that section 375.251 was not designed to immunize counties since they were already immune. Effective January 1, 1975, section 768.28 waived sovereign immunity of counties from tort liability. With sovereign immunity now a thing of the past, there is no reason to conclude that counties should be accorded immunity by virtue of a statute intended to confer a benefit on private owners who serve a public purpose by making land available without charge for recreational purposes.
The county argues that if held to owe a duty of care to all persons using its parks, it would either have to close some of its facilities or levy an admission charge. This, of course, is a policy matter for judgment of the local authorities; however, section 768.28(13) authorizes a county to protect itself with liability insurance coverage in these instances.
True, prior cases have held counties immune from tort liability in similar situations, but only because section 768.28 was not yet in effect at the time of the alleged negligence. See Jackson v. Palm Beach County, 360 So.2d 1 (Fla. 4th DCA 1978); McPhee v. Dade County, 362 So.2d 74 (Fla.3d DCA 1978). Those cases imply that the counties would have been subject to liability had section 768.28 been in effect. That section was applicable when plaintiff's decedent drowned, and we therefore hold that Pinellas County is not immune from tort liability.
Finally, we agree with appellant that a trial court is obligated to follow decisions of other district courts of appeal in this state in the absence of conflicting authority and where the appellate court in its own district has not decided the issue. As the supreme court pointed out in Stanfill v. State, 384 So.2d 141 (Fla. 1980), decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by the supreme court. Therefore, a trial court in this district is obliged to follow the precedents of other district courts of appeal absent a controlling precedent of this court or the supreme court. Dillon v. Chapman, 404 So.2d 354 (Fla. 5th DCA 1981), rev'd on other grounds, 415 So.2d 12 (Fla. 1982); State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976). But see Smith v. Venus Condominium Ass'n, 343 So.2d 1284 (Fla. 1st DCA 1976), vacated on other grounds, 352 So.2d 1169 (Fla. 1977).
Accordingly, we reverse the summary final judgment entered in favor of the county and remand for further proceedings consistent with this opinion.
OTT, C.J., and DANAHY, J., concur.