538 So.2d 1325 (1989)
VETERANS GAS COMPANY, Appellant/Cross-Appellee,
v.
Wanda Gail GIBBS, Faye A. Shaw, and Joseph B. Shaw, Appellees/Cross-Appellants,
v.
Allen S. Phillips, Appellee/Cross-Appellee.
No. 88-691.
District Court of Appeal of Florida, First District.
February 15, 1989.
*1326 Robert P. Gaines of Beggs & Lane, Pensacola, for appellant/cross-appellee.
Walter A. Steigleman of Dewrell & Brannon, Fort Walton Beach, for appellees/cross-appellants Gibbs and Shaw.
Michael A. Perkins and Donald H. Partington of Clark, Partington, Hart, Larry, Bond, Stackhouse & Stone, Pensacola, for appellee/cross-appellee Phillips.
ERVIN, Judge.
Pursuant to cross-appellant Joseph B. Shaw's notice of abandonment of his cross-appeal, our opinion of December 22, 1988, is withdrawn, and the opinion is modified to reflect dismissal of the cross-appeal.
This case is before us for review of judgments entered against Veterans Gas Company (Veterans) in favor of appellees Faye A. Shaw and Wanda Gail Gibbs on their claim for personal injuries. We affirm.
This action arose as a result of a liquid petroleum (LP) gas explosion in an office building owned by appellee Allen S. Phillips. Phillips leased the office in question to Way and Associates, Inc. (Way), who, in turn, employed contractors to perform renovations to the walls and interior of the leased premises. During such renovations, the subcontractor hired to install the sheetrock walls bent a copper gas line which had extended through the wall into the office area and enclosed it behind the sheetrock wall that he was installing. The subcontractor did not cap the line because he had been told by Way's general contractor that the line was "dead." Following the renovations, Way and her two employees, Faye Shaw and Wanda Gibbs, had occupied the premises for approximately two months without mishap. The explosion occurred in early December, shortly after an employee of Veterans had made a delivery of LP gas *1327 to an empty tank located on the premises. An investigation conducted following the explosion revealed that gas leaked from the gas line which had been enclosed behind the wall. The gas was subsequently ignited by a spark from a specialty camera. Both Mrs. Shaw and Ms. Gibbs, who were inside the building at the time of the explosion, were severely injured and sought recovery for personal injuries against Phillips, the landlord, and Veterans. Mrs. Shaw's husband, Joseph B. Shaw, also brought a derivative claim for loss of consortium against both defendants.
The ensuing jury trial resulted in verdicts in favor of Ms. Gibbs and Mrs. Shaw against Veterans in the amounts of $20,000 and $400,000, respectively. Mr. Shaw was awarded nothing for his consortium claim. No negligence was found on the part of Phillips. The parties, excluding Phillips, moved for a new trial, whose motions were denied, and the parties appealed.
Veterans raises four points on appeal. We find no error in the admission of industry standards concerning "out-of-gas" procedures recommended by the National Liquid Petroleum Gas Association, the trial court's refusal to direct a verdict in favor of Veterans, or the jury's finding that Mrs. Shaw and Ms. Gibbs were not contributorily negligent. Additionally, we conclude that the trial court did not err in refusing to give Standard Jury Instruction (Civil) 3.3(c), which was requested by the plaintiffs below, regarding an owner's liability for the negligence of an independent contractor performing ultrahazardous activities on the owner's property. In so saying, we decide that there was no duty owed by the landlord/owner (Phillips) to the tenant (Way) once Way took complete control of the premises and undertook renovation of the premises.
The common law rule of caveat lessee provides that once a landlord delivers possession and control of the leased premises, including the plumbing, drains, and appliances for heating, lighting and power to the tenant, the landlord is not liable for injury to the property or person of the tenant or those on the premises with the permission of the tenant, even though such injuries are attributable to defects in such apparatus, appliances or fixtures. In other words, once the landlord surrenders possession and control of the leased premises to the tenant, absent fraud or concealment, the tenant assumes the risk as to the condition of the premises, including the heating, lighting apparatus, plumbing, water pipes, sewer, etc. 32 Am.Jur. Landlord and Tenant § 746 (1941); 49 Am.Jur.2d Landlord and Tenant §§ 780, 786 (1970 & Supp. 1988); Annotation, Liability of Landlord for Injury to Person or Property of Tenant, or His Privies, From Defects in Heating or Lighting Plant or Plumbing, 13 A.L.R. 839-42 (1921).
The above common law rule, stated in Brooks v. Peters, 157 Fla. 141, 25 So.2d 205 (1946), was abrogated in Florida as to residential dwelling units by Mansur v. Eubanks, 401 So.2d 1328 (Fla. 1981). In holding that the owner of a residential dwelling unit, who leases the unit for residential purposes, has the duty to make the repairs necessary to transfer a reasonably safe dwelling to the tenant, the court observed that this obligation corresponds to the statutory warranty of habitability. See § 83.51(1), Fla. Stat. (1977). Case law and other authority, however, suggests that the common law doctrine of caveat lessee still applies in a commercial lease context. See City of St. Petersburg v. Competition Sails, Inc., 449 So.2d 852 (Fla. 2d DCA 1984) (statutory obligation to make repairs placed on landlords who lease residential premises is inapplicable in a commercial lease context); Stolzenberg v. Forte Towers S., Inc., 430 So.2d 558 (Fla. 3d DCA 1983) (employee of lessee under commercial lease granting lessee exclusive use of premises could not recover from landlord for injuries resulting from fall caused by allegedly defective carpeting); In the Matter of the Use by the Trial Courts of the Standard Jury Instructions (Civil), 418 So.2d 267 (Fla. 1982) (adopting Standard Instruction *1328 3.5(i), relating to the duty of care owed by a landlord of commercial premises to a tenant or those on the premises with the permission of the tenant; and see particularly Comment 1 to the instruction, which notes that Brooks was overruled only to the extent that landlords of leased residential premises have a greater duty imposed upon them than is placed upon landlords of commercial properties);[1]Levitz Furniture Co. of E. Region, Inc. v. Continental Equities, Inc., 411 So.2d 221, 223 (Fla. 3d DCA), review denied, 419 So.2d 1196 (1982) (observing that as to leases for housing, Brooks has been overruled).
Our conclusion that the common law doctrine remains unaffected by the Mansur rule in regard to commercial leases is consistent with the organization of Chapter 83, Florida Statutes, which clearly distinguishes residential tenancies from commercial tenancies. See also discussion in Herrell v. Seyfarth, Shaw, Fairweather & Geraldson, 491 So.2d 1173, 1175 (Fla. 1st DCA 1986). Most telling is the fact that the statutory warranty of habitability imposed on residential landlords has no counterpart under part I of the chapter, relating to commercial tenancies. Thus we conclude that Phillips, the landlord/owner, owed no duty to Way or her employees, because he had surrendered complete possession and control of the premises to Way. Consequently, the lower court's obligation to instruct the jury adequately as to the duty imposed upon a landlord to a tenant holding property under a commercial lease was fully discharged once the court gave Standard Instruction 3.5(i) to the jury.
In addition to the issues asserted by appellant, appellees Mr. and Mrs. Shaw and Ms. Gibbs raise two points on appeal. Because we find that a new trial is not warranted on the issues raised by Veterans, appellees' issue regarding the inclusion of Phillips as a party in a new trial is moot. As for the denial of Mr. Shaw's motion for judgment notwithstanding the verdict or for new trial based upon the jury's zero verdict, we dismiss the cross-appeal, because Mr. Shaw has notified this court that he has abandoned that claim.
The judgment is AFFIRMED.
WENTWORTH, J., concurs.
ZEHMER, J., concurs with opinion.
ZEHMER, Judge (concurring).
I fully concur in the court's opinion regarding disposition of appellant's four points on appeal. I write only to make clear my position that the trial court properly denied the requested Standard Jury Instruction (Civil) 3.3(c) regarding an owner's liability for the negligence of an independent contractor performing ultrahazardous activities on the owner's property. Because Way, the tenant, employed the contractor who actually made changes to the gas piping system in the leased premises, Phillips, as landlord, did nothing that would subject him to liability in accordance with the requested instruction. Whether the instruction should have been given if Phillips, rather than Way, had employed the contractor making such changes is not before us for consideration.
NOTES
[1] In fact, the Standard Instruction 3.5(i), concerning the duty owed by commercial lessors to commercial lessees, was given in this case.