543 So.2d 297 (1989)
Kris COX, Appellant,
v.
COMMUNITY SERVICES DEPARTMENT, etc., et al., Appellees.
No. 88-1523.
District Court of Appeal of Florida, Fifth District.
April 27, 1989.
Rehearing Denied May 24, 1989.
Gardner Sharpe, Jr., of Gardner Sharpe, Jr., P.A., Orlando, for appellant.
Ted R. Manry, III, and H. Vance Smith of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees.
COWART, Judge.
Appellant, injured in 1982 when he dove into water at a public park owned and operated by Hernando County, filed a negligence action against the county in 1986. By Chapter 87-134, Laws of Florida, effective June 30, 1987, the legislature amended the statute partially waiving sovereign immunity (§ 768.28(5), Fla. Stat.) by placing specific dollar denoted limitations on recoveries that the statute permits against sovereign entities.
The trial court held:
(1) that the 1987 statutory amendment applied constitutionally and retroactively to appellant's action against the county, and
(2) that section 375.251, Florida Statutes, which limits the liability of persons making available to the public certain areas *298 for recreational purposes without charge, applied to the county-owned park and operated to bar appellant's action against the county.
The trial court erred in applying section 375.251, Florida Statutes, to the county-owned and operated park. That statute does not relate to municipalities and counties. City of Pensacola v. Stamm, 448 So.2d 39 (Fla. 1st DCA 1984), rev. denied, 456 So.2d 1181 (Fla. 1984); Chapman v. Pinellas County, 423 So.2d 578 (Fla. 2d DCA 1982); Metropolitan Dade County v. Yelvington, 392 So.2d 911 (Fla. 3d DCA 1980), rev. denied, 389 So.2d 1113 (Fla. 1980).
The trial court was also in error in holding that Chapter 87-134 applied retroactively to limit the amount of appellant's claim against the county. Although this court in Marion County School Board v. Streetman, 535 So.2d 299 (Fla. 5th DCA 1988), held to the contrary, the issue was later examined more closely by Judge Campbell in City of Winter Haven v. Allen, 541 So.2d 128 (Fla. 2d DCA 1989), and has now been directly addressed by the Florida Supreme Court which held in Kaisner v. Kolb, 543 So.2d 732 (Fla. 1989), that persons, like appellant, who have an accrued cause of action although not yet reduced to judgment, have such a vested interest as cannot be constitutionally retroactively divested by legislative action.
The final summary judgment in favor of the county, based on the application of section 375.251, Florida Statutes, to the county-owned park, and the retroactive application of Chapter 87-134, Laws of Florida, is reversed and the cause remanded for further proceedings.
REVERSED and REMANDED.
SHARP, C.J., and DAUKSCH, J., concur.