542 So.2d 1050 (1989)
Gloris CRAWFORD and Edward Crawford, Appellants,
v.
Walter R. MILLER and Teresa Miller, Appellees.
No. 88-1391.
District Court of Appeal of Florida, Third District.
May 2, 1989.
Freshman, Freshman & Traitz and Steven H. Rothstein, Miami, for appellants.
Kubicki, Bradley, Draper, Gallagher & McGrane and Betsy E. Gallagher, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and COPE, JJ.
PER CURIAM.
Appellants, who were plaintiffs below, appeal a summary judgment against them. We affirm.
Appellant Gloris Crawford was a housekeeper for appellees. While appellant was so employed, appellees installed Malibu lights in the shrubbery along their front sidewalk.[1] Appellant was informed of the installation and had seen them illuminated *1051 at night. A month after the installation, appellant tripped and fell on the walkway. Appellant and her husband brought suit, contending that the top of the light protruded over the edge of the sidewalk, and that appellant had tripped over it. Appellant contended that an overgrowth of shrubbery just above the light obscured the light's location and created an unreasonably dangerous condition. The trial judge entered summary judgment for appellees.
As was held in Storr v. Proctor, 490 So.2d 135, 136 (Fla. 3d DCA), review denied, 500 So.2d 546 (Fla. 1986):
The duty of the landowner to a business invitee is to maintain the premises in a reasonably safe condition and to warn the invitee of latent perils which are known or should be known to the owner but which are not known to the invitee or which, by the exercise of due care could not be known to him. Hickory House v. Brown, 77 So.2d 249 (Fla. 1955); Messner v. Webb's City, 62 So.2d 66 (Fla. 1952).
An owner is entitled to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own sense[s], and is not required to give the invitee notice or warning of an obvious danger. Melton v. Estes, 379 So.2d 961 (Fla. 1st DCA 1979); Rice v. Florida Power & Light Co., 363 So.2d 834 (Fla. 3d DCA 1978).
In the present case there is no dispute that appellant was aware of the existence of the lights. She traversed the walkway daily, and the lights and shrubbery were in place for the month preceding the accident.[2] The mere occurrence of an accident does not, without more, give rise to an inference of negligence. Cassel v. Price, 396 So.2d 258, 264 (Fla. 1st DCA), review denied, 407 So.2d 1102 (Fla. 1981). Based on the undisputed facts, appellees were entitled to summary judgment as a matter of law.[3]
Affirmed.
BARKDULL and COPE, JJ., concur.
SCHWARTZ, Chief Judge (dissenting).
There is no real dispute that reasonable persons could find that the Malibu light presented a potential danger to persons on the Millers' sidewalk. Since this is true, the plaintiff's alleged previous knowledge of its existence is pertinent only to the extent, if any, of her comparative negligence in tripping over the shrubbery-obscured light in the course of her work. It *1052 does not as a matter of law negate the existence of liability vel non for maintaining a defective condition in the first place. Taylor v. Tolbert Enters., 439 So.2d 991 (Fla. 1st DCA 1983); Metropolitan Dade County v. Yelvington, 392 So.2d 911 (Fla. 3d DCA 1980), review denied, 389 So.2d 1113 (Fla. 1980); Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980). I would reverse for a jury to make these decisions.
NOTES
[1] The Malibu lights in question were hooded lights, approximately one foot tall, commonly used for illumination of a walkway at night.
[2] To the extent shrubbery had grown around the light, the shrubbery created a larger, more visible object through which the plaintiff would have had to walk to make contact with the light.
[3] The dissent cites three cases for the proposition that a jury question is presented in a slip-and-fall case, notwithstanding that the condition was open and obvious. Those cases are inapposite. The first case, Taylor v. Tolbert Enterprises, 439 So.2d 991 (Fla. 1st DCA 1983), involved a hotelier's negligence in allowing an accumulation of slippery matter on the wooden steps and walkway leading to the public beach. The steps and walkway could not be traversed without stepping on the slippery matter. This passageway was used by hotel guests for beach access, and the opinion implies, but does not state, that it was the sole such access. On those facts the case is within that line of decisions which imposes liability where the landowner has notice of a condition which involves an unreasonable risk of harm to invitees and the landowner can reasonably expect that the invitee will proceed to encounter the unreasonably risky condition, despite the invitee's knowledge of it, in circumstances not amounting to contributory fault. See Restatement (Second) of Torts § 343 and comments f, g, & illustration 8 (1965); J. Page, The Law of Premises Liability § 4.6 at 84 (2d ed. 1988). The other two cases are similar, Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980) (public hallway in apartment building was slippery when wet); Metropolitan Dade County v. Yelvington, 392 So.2d 911 (Fla. 3d DCA), review denied, 389 So.2d 1113 (Fla. 1980) (algae on public boat ramp), although in Yelvington the slippery condition was not open and obvious. All three cases involved a charge of negligent cleaning and maintenance in permitting a build-up of a slippery substance on a public way.

By contrast the instant case does not involve an unreasonably risky condition, nor a condition that plaintiff must walk on in order to traverse the homeowner's front sidewalk. Here, the lighting fixtures were at the edge of the walkway and any protrusion was confined to a small area at the margin. The condition was both open and obvious, and one of which the plaintiff had been warned and had actual knowledge. In the exercise of due care, plaintiff could avoid contact with the fixtures alongside the sidewalk.