KARLAN, SANDY, Associate Judge.
Carol Markell, Plaintiff below, appeals from a final judgment entered upon a motion for summary judgment in favor of Defendants/Appellees, GFS Management of Florida, Inc. (“GFS”), MIG/Camden, Inc. (“MIG”), Mi Casa, Ltd. (“Mi Casa”) and Toppel Partners Limited Partnership (“Toppel”).
Markell was injured when she tripped on the rubber weather stripping attached to the metal threshold on her apartment’s front door. She filed suit against all Defendants alleging negligence in failing to inspect the premises and in failing to correct a dangerous condition.
The Court granted summary judgment for MIG and GFS finding that the condition was “open and obvious” and that since they no longer owned or operated the apartment, they were not hable. As to Mi Casa, the Court granted summary judgment on the basis that the “defect,” if any, was open and obvious and as new (two week) owners they were not responsible.
On November 12, 1994, Markell entered into a lease agreement for an apartment managed by GFS and owned by MIG. The term of the lease was from November 12, 1994 through June 30, 1995. Sometime after November 30, 1994, MIG took over the management of the building from GFS. On May 17, 1995, MIG sold the complex to Mi Casa. Two weeks later on May 30, 1995, Markell was injured.
In her Second Amended Complaint for Damages, Markell alleged negligence as to all three Defendants. As to Mi Casa, the owners at the time of the accident, Markell alleged that the weather stripping was poorly installed so as to constitute a hidden trap *585 which condition was unknown to and undis-coverable by Markell, but discoverable to Defendant by reasonable inspection.- The allegations were the same as to GFS in their role as property managers at the time the apartment was leased to Markell and to MIG as the owners at the inception of the lease.
For the purposes of summary judgment, Markell stipulated that she had lived in the apartment for six months and that she stepped over the threshold on a daily basis. She also acknowledged that she conducted a walk-through at the time of taking possession, but that she only checked the appliances and was never aware of any problem with the weather stripping.
In defense of the summary judgment, she filed the affidavit of Edward Delaney, an expert in risk analysis regarding defects of residential occupancies. He stated that the weather stripping was “designed, installed, and maintained improperly” and that the application of the weather stripping “constituted a hidden trap which would not necessarily have been visible to a person entering or exiting the apartment, but was one that would have easily been noticeable to and discovered by, a minimally experienced maintenance or repair individual during the normal course of inspection at any time after the initial installation of the plate and weather stripping.” (emphasis supplied) He further opined after a review of the depositions of two employees of MIG and GFS that “it does not appear as if there was any type of formalized or regular inspection of the' threshold area.” By allowing this condition to continue, it was simply a matter of time before someone would catch their heel and trip, as did Markell. No controverting affidavits were filed by any Defendant. ' All parties acknowledge that GFS has had no interest in the property since November 30,1994.
The trial court ruled, as a matter of law, that the threshold condition was “open and obvious,” citing Crawford v. Miller, 542 So.2d 1050 (Fla. 3d DCA 1989), and therefore there was no duty owed to' Markell. The Court relied on Markell’s stipulation that she walked over the threshold daily for six months and apparently ignored the affidavit of Delaney. The facts in Crawford are distinguishable from this case. In Crawford, a housekeeper tripped over a Malibu light in the driveway of her employer’s residence. Id. Her employer had told her about the installation and warned her to avoid the light. Id. In his dissent in Crawford, Judge Schwartz argued that it is a question for the jury as to whether her previous knowledge negated the owners’ responsibility for maintaining a defective condition. Id.
Markell relied on Mansur v. Eubanks, 401 So.2d 1328 (Fla.1981), for the proposition that
the owner of a residential dwelling unit, who leases it to a tenant for residential purposes, has a duty to reasonably inspect the premises before allowing the tenant to take possession, and to make the repairs necessary to transfer a reasonably safe dwelling unit to the tenant unless defects are waived by the tenant. This duty may be modified by the parties.
After the tenant takes possession, the landlord has a continuing duty to exercise reasonable care to repair dangerous defective conditions upon notice of their existence by the tenant, unless waived by the tenant. ’
Id. at 1329-30. The Supreme Court continued,
We do not believe there are sufficient reasons to continue to completely insulate the landlord from liability. We live in an age when the complexities of housing construction place the landlord in much better position than the tenant to guard against dangerous conditions.
Id. at 1330. In Mansur, the Court reversed a summary judgment for the landlord and found factual questions regarding the cause of the explosion, and knowledgé and responsibility for the condition. Id. The expert’s affidavit in this case stated that Markell could not have discovered the defective weather stripping, but a minimally experienced maintenance or repair individual could have.
In Slavin v. Kay, 108 So.2d 462 (Fla.1958), the Supreme Court held that if a defect is latent, then the contractor remains liable for any injury resulting from such defect, not the *586 owner of the property. However, if the defect is patent, then the owner is charged with knowledge of it and therefore responsible. As the Court later explained: “The key to our holding in Slavin is the patentness of the defect or the owner’s knowledge of the defect and the failure to remedy the defect....” Edward M. Chadbourne, Inc. v. Vaughn, 491 So.2d 551, 554 (Fla.1986). In Brady v. State Paving Corp., 693 So.2d 612, 613 (Fla. 4th DCA 1997), we reversed a summary judgment for the defendant and held that “although the water on the road may have been obvious, the depth of the water was not.... The test under Slavin would not be whether the water itself was obvious, but rather whether the dangerous nature of the water was obvious.”[1]
In this case, Markell has not sued the installer of the weather stripping or the contractor so the issue as to the owners/managers is whether the original owner/manager transferred a “reasonably safe dwelling unit” and whether they exercised reasonable care to repair dangerous and defective conditions upon notice, and whether the new owners exercised the same reasonable care to repair dangerous and defective conditions upon notice. The question presented is, what is reasonable care and a reasonable inspection.
Under Fitzgerald v. Cestari, 569 So.2d 1258 (Fla.1990), the Supreme Court held that Mansur does not place a duty on landlords to “inquire of experts” regarding installation or conditions of premises. However, Markell’s expert states only that a minimally experienced maintenance or repair person would have been able to discover the defective condition. Whether Markell should have also noticed it because she lived there six months is an issue of comparative negligence for the jury.
The factual issue raised by Markell’s expert and not controverted by Defendants leaves a question of fact regarding the actual nature of the condition. Whether it was “open and obvious” and therefore relieved Defendants of liability is a question of fact not of law, and therefore summary judgment was improper. We reverse as to all Defendants.
REVERSED AND REMANDED.
PARIENTE, Barbara J., Associate Judge, concurs.
STONE, C.J., dissents with opinion.

. The reader is urged to read Judge Klein’s concurrence for his discussion on the nature of latent and patent defects and overlapping liability in today's world.