PADOVANO, J.
This is an appeal from a final summary judgment for the defendants in a premises liability action. The complaint was based on a claim that a landlord has a duty to install a viewing device in the front door of an apartment to protect the tenant from an attack by an unknown assailant. We agree with the trial judge that the defendants had no such duty under the lease or under the law that applies to this case. Therefore, we conclude that the trial court correctly entered summary judgment for the defendants.
Julio Menendez, Jr. and several other young men signed an agreement with the Palms West Condominium Association in August 1994 to lease an apartment in Tallahassee. Subsequently, Julio and his roommates moved into apartment 160 of the Palms West complex. This apartment is a condominium unit privately owned by two families. Richard and Beverly Sea-berg own a one-half interest and Clifford and Barbara Miller own the other one-half interest. Palms West manages the unit under a separate agreement with the Sea-bergs and the Millers.
On April 18,1995, Julio heard a knock at the front door of the apartment. He opened the door and allowed two or more *60 people to come inside. It is not clear how many people were at the door or who they were. After Julio opened the door, someone in the apartment shot him in the head. As a result of the gunshot wound, he sustained severe and permanent brain damage. The door to the apartment was equipped with an operable lock but it did not have a viewing device such as a peephole or doorscope. The record does not disclose whether the people at the door identified themselves or if Julio otherwise knew who they were.
Following the injury, Julio and his parents, Vivian and Julio Menendez, Sr. filed an action for damages against Palms West, the Millers, and the Seabergs. The complaint alleged that all three defendants breached a duty of care by failing to provide adequate security on the premises. According to the complaint, the defendants had a duty to install a doorscope in the front door because the apartment is located in a high crime area and because injuries caused by the criminal acts of third parties were foreseeable. Additionally, the complaint alleged that Palms West had breached the lease agreement by failing to make necessary repairs to the premises, and that Palms West had violated section 83.51 (2)(a), Florida Statutes, by failing to maintain safe conditions in the common areas of the complex.
The defendants answered the complaint, and each filed a motion for summary judgment. In these motions, the defendants argued that they had not breached a duty under the common law of negligence and that they had not violated the lease agreement or any statute. They argued that, in the absence of special circumstances not present in this case, a landlord has no duty to install a viewing device in the door of a tenant’s apartment. The plaintiffs filed a response to the motion which was supported in part by the affidavit of Danny Johnson, a former division director of the Florida Department of Law Enforcement. Based on crime statistics, Johnson concluded that there had been a high number of burglaries and assaults at the Palms West complex. He stated in his affidavit that the defendants knew or should have known that the complex was located in a high crime area and that their failure to install a doorscope was a contributing cause of Julio’s injury.
The trial court determined that the defendants were entitled to prevail as a matter of law because they had not breached any legal duty to the plaintiffs. This decision was based on the general rule that a landlord has no duty to protect a tenant from the criminal acts of third persons. Although there are exceptions to the rule, the trial court concluded that none of the exceptions applied in the circumstances of this case. The trial court entered a final summary judgment for all three defendants and the plaintiffs appealed to this court.
We begin with the familiar rule that a trial court may grant a motion for summary judgment only if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law. See Fla.R.Civ.P. 1.510(c); Holl v. Talcott, 191 So.2d 40 (Fla.1966); Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977); Smith v. Perry, 635 So.2d 1019 (Fla. 1st DCA 1994). The first part of this test, the absence of a material issue of fact, is easily established in the present ease. The trial court determined that the defendants could not be liable on a theory of negligence because they did not have a duty to install a doorscope as the plaintiffs contend. This was a decision based on an issue of law, not an issue of fact. As the supreme court explained in McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992), the duty element of negligence is a threshold legal question. The point we must decide, then, is whether the summary judgment meets the. second part of the test in rule 1.510(c); that is, whether the trial court correctly determined that the defendants were entitled to prevail as a matter of law. As with other issues of law, we *61 review this decision by the de novo standard of review.
The duty upon which the plaintiffs’ claim was based is not one that arises as a matter of law from the relationship between the parties. Florida courts have held that a landlord has no general duty to protect a tenant from criminal attacks by third persons. See Czerwinski v. Sunrise Point Condominium, 540 So.2d 199 (Fla. 3d DCA 1989); Whelan v. Dacoma Enters., Inc., 394 So.2d 506 (Fla. 5th DCA 1981). To impose such a duty, the tenant must allege and prove that the landlord had actual or constructive knowledge of prior similar acts committed on invitees on the premises. See Paterson v. Deeb, 472 So.2d 1210 (Fla. 1st DCA 1985). As we explained in Paterson, a “landowner should not be required to take precautions against a sudden attack which the landowner has no reason to anticipate.” Id. at 1214-15.
In the present case, the trial court concluded that “[t]here is no evidence that any specific person had any actual or constructive knowledge of any fact that arguably would make the incident described in [the complaint] reasonably foreseeable.” This conclusion is supported by the record. The affidavits and other documents submitted in response to the defense motions for summary judgment fail to establish that the Seabergs, the Millers, or any agent of Palms West knew or should have known of similar attacks on other tenants or guests at the complex.
The affidavit of the plaintiffs’ expert, Danny Johnson, revealed that there had been a higher than average number of burglaries and assaults at the Palms West complex and its vicinity. While that may be true, the general incidence of crime in the area was not sufficient to put the defendants on constructive notice of a particular risk. The record does not disclose whether any of the burglaries occurred while the victim was at home or whether any of the crimes would have been prevented by the installation of a doorscope. In short, the plaintiffs failed to show that any of the prior incidents were similar to the attack in this case. Without more, the general information Johnson provided about the crime rate in the area would not have alerted the defendants to the need to install a visual identification system in each apartment.
We reject the plaintiffs’ argument that the absence of a doorscope was a defect or a dangerous condition that the owners and their agent had a duty to correct. It is true that a landlord has a duty to repair defects in a residential apartment so that it will be reasonably safe for occupancy. See Mansur v. Eubanks, 401 So.2d 1328 (Fla.1981). This duty is limited, however, to conditions that are inherently unsafe or dangerous conditions that are not readily apparent to the tenant. For example, in Mansur, the court held that the landlord had a duty to repair a defective gas heater which had exploded causing injury to the tenant. Likewise, in Bosket v. Broward County Housing Authority, 676 So.2d 72 (Fla. 4th DCA 1996), the court held that the landlord had a duty to provide the tenant with an operable fire extinguisher and to install readable knobs on a kitchen stove. In contrast, the court held in Fitzgerald v. Cestari, 569 So.2d 1258 (Fla.1990), that a landlord had no duty to put decals or other markings on a sliding glass-door, because a safety precaution of that nature could have been taken just as easily by the tenant.
Based on these principles, we conclude that the absence of a doorscope was not a defect or dangerous condition. Unlike a faulty gas line or a defective stove, the absence of a doorscope is not inherently dangerous. If the lack of such a device exposes the tenant to some risk, it is a risk that can only be established by other evidence. In the present case, there is no evidence that the apartment would have been any safer had it been equipped with a doorscope. Furthermore, the absence of the doorscope in the front door of the *62 apartment was not a hidden or concealed condition. To the contrary, the physical features of the front door were as apparent to the tenant as they were to the landlord. In these circumstances, we cannot say that the landlord was “in a much better position than the tenant to guard against [a] dangerous condition.” Mansur, at 1330.
It is true, as the plaintiffs argue, that a landlord’s duty to protect the tenant can be based on the requirements of a statute. For example, in Paterson, the tenant alleged that the landlord had failed to provide a working lock on the exterior bathroom to her apartment, in violation of section 83.51, Florida Statutes. The tenant was raped in the bathroom by an intruder who might not have been able to gain entry had the room been locked. We held that the complaint stated a cause of action and reversed an order of dismissal. While the landlord in Paterson had no general duty to protect the tenant from a criminal attack by a third person, he did have a specific duty to provide the tenant with a working lock. The breach of this duty exposed the landlord to civil liability.
In the present case, however, there is no evidence that the defendants violated any statutory provision relating to the security of the premises. Whether the apartment could be locked is immaterial, because the individuals at the door were allowed inside. In any event, the apartment was secured by an operable lock as required by statute. The plaintiffs attempt to draw an analogy to the Paterson decision to support their argument that the defendants had a duty to install a doorscope on the front door of the apartment. This argument must fail, however, because the “Residential Landlord and Tenant Act”, Chapter 83, Florida Statutes, Part II, does not require a landlord to assume such a duty. The duty in Paterson was based" on a violation of an express provision of the statute. No such violation occurred here.
The remaining points apply only to Palms West and they require little discussion. Palms West cannot be liable on the theory that it breached the lease agreement, because the lease contained no provision that either expressly or by implication required the installation of a doorscope. Nor can Palms West be liable on the theory that it failed to maintain safe conditions in the common areas of the complex as required by section 83.51(2)(a), Florida Statutes. The attack on Julio Menendez, Jr. did not occur in a common area of the Palms West complex.
For these reasons we conclude that the trial court correctly entered summary judgment for the defendants. The plaintiffs’ claim was based on the assumption that the defendants had a duty to install a doorscope in the front door of the apartment. This duty does not exist by virtue of the landlord and tenant relationship, and it was not created by any special circumstance in this case. Therefore, we hold that the defendants were entitled to prevail as a matter of law.
Affirmed.
KAHN and LAWRENCE, JJ., CONCUR.