# Supreme Court of Florida

_____

No. SC19-936

_____

## IN RE: STANDARD JURY INSTRUCTIONS IN CIVIL CASES — REPORT NO. 19-02.

December 5, 2019

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Civil Cases (Committee) has submitted a report proposing amendments to instruction 401.20 (Issues on Plaintiff's Claim – Premises Liability).  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committee proposes deleting existing Note on Use 2 for instruction 401.20a in its entirety, and replacing it with the following:  "For transitory foreign substances in a business establishment, *see F.S.* 768.0755 and cases interpreting it."  No amendments were proposed by the Committee to instruction 401.20a itself. The Committee explains that its proposal stems from the repeal of section 768.0710, Florida Statutes, which previously governed claims for premises liability

for transitory substances in business establishments, and the 2010 enactment of section 768.0755, Florida Statutes, which now governs such claims.

Prior to filing its report with the Court, the Committee published its proposal for comment. No comments were received by the Committee. After the Committee filed its report, the Court republished the Committee's proposal for comment. No comments were received.

Having considered the Committee's report, we hereby authorize the amendment to Note on Use 2 for instruction 401.20a as proposed by the Committee for publication and use. In authorizing the publication and use of this amendment, we express no opinion on its correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instruction. We further caution all interested parties that any comments associated with the amendment reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to its correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The amended instruction as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Civil Cases

Laura K. Whitmore, Chair, Tampa, Florida, and Jeffrey Alan Cohen, Vice Chair and Subcommittee Chair, Supreme Court Committee on Standard Jury Instructions in Civil Cases, Miami, Florida; and Joshua E. Doyle, Executive Director, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

**Appendix**

**401.20  ISSUES ON PLAINTIFF'S CLAIM — PREMISES LIABILITY**

**The [next] issues on** (claimant's) **claim, for you to decide are:**

a.     *Landowner or possessor's negligence (toward invitee and invited licensee):*

**whether** (defendant) **[negligently failed to maintain the premises in a reasonably safe condition], [or] [negligently failed to correct a dangerous condition about which** (defendant) **either knew or should have known, by the use of reasonable care,] [or] *[negligently failed to warn** (claimant) **of a dangerous condition about which** (defendant) **had, or should have had, knowledge greater than that of** (claimant)**]; and, if so, whether such negligence was a legal cause of [loss] [injury] [or] [damage] to** (claimant, decedent or person for whose injury claim is made)**.**

NOTES ON USE FOR 401.20a

1.     If there is an issue of whether claimant had status as an invitee or invited licensee, give instructions 401.16a and 401.17 as preliminary instructions before giving instruction 401.20a. The final segment of instruction 401.20a, marked with an asterisk (*), is inapplicable when plaintiff does not proceed on a theory of defendant's failure to warn.

2.     ~~The phrase ". . . about which (defendant) either knew or should have known by use of reasonable care . . ." may be inappropriate in cases involving "transitory foreign objects." *F.S.* 768.0710; *Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256 (Fla. 2002); *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315 (Fla. 2001); *Melkonian v. Broward County Board of County Commissioners*, 844 So. 2d 785 (Fla. 4th DCA 2003).~~For transitory foreign substances in a business establishment, see *F.S.* 768.0755 and cases interpreting it.

b.     *Landowner or possessor's negligence (toward discovered trespasser or foreseeable licensee):*

**whether** (defendant) **negligently failed to warn** (claimant) **of a dangerous condition and risk which were known to** (defendant) **and of which** (claimant) **neither knew nor should have known, by the use of reasonable care; and, if so, whether such negligence was a legal cause of**

**[loss] [injury] [or] [damage] to** (claimant, decedent or person for whose injury claim is made)**.**

NOTE ON USE FOR 401.20b

Give preliminary instructions 401.16b and 401.17 before giving instruction 401.20b if there is a jury question of whether defendant owned or had possession of the land or premises, or whether he knew of the dangerous condition, or whether he knew of claimant's presence (if claimant was a trespasser) or should have foreseen claimant's presence (if claimant was a licensee).

*c.    Attractive nuisance:*

**whether** (defendant) **was negligent in maintaining or in failing to protect** (claimant child) **from the** (describe structure or other artificial condition) **on the land or premises in question; and, if so, whether that negligence was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent or person for whose injury claim is made)**.**

NOTE ON USE FOR 401.20c

This instruction and instruction 401.16c, taken together, state all elements of the attractive nuisance doctrine. The committee considers subsections (d) and (e) of RESTATEMENT (2d) OF TORTS §339 to be unnecessary to the instruction because negligence is otherwise defined by instruction 401.4.

*d.    Landlord's negligence (toward tenant):*

*(1).    When leased premises are not residential:*

**whether** (defendant landlord) **negligently failed to disclose to** (claimant tenant) **a dangerous condition on the leased premises which was known to** (defendant)**, which was not known to** (claimant) **or discoverable by [him] [her] by the use of reasonable care, and which** (defendant) **had reason to believe** (claimant) **could not discover; and, if so, whether that negligence was a legal cause of [loss] [injury] [or] [damage] to** (claimant, decedent or person for whose injury claim is made)**.**

*(2).    When leased premises are residential (not common areas):*

- 5 -

**whether, [before allowing** (claimant tenant) **to take possession of the dwelling,** (defendant landlord) **negligently failed to repair a defect that was discoverable by a reasonable inspection] [or] [after** (claimant tenant) **took possession of the dwelling,** (defendant landlord) **negligently failed to repair a dangerous or defective condition on the premises of which [he] [she] [it] had actual notice]; and, if so, whether that negligence was a legal cause of [loss] [injury] [or] [damage] to** (claimant, decedent or person for whose injury claim is made)**.**

NOTES ON USE FOR 401.20d

1.      This instruction, reflecting a greater duty by landlord to tenant on leased residential premises, was derived from *Mansur v. Eubanks*, 401 So. 2d 1328 (Fla. 1981), overruling to that extent *Brooks v. Peters*, 25 So. 2d 205 (Fla. 1946). See also *F.S.* 83.51 (1981), which may impose on the landlord greater duties, in respect to conditions arising after a tenant's possession, than were addressed in *Mansur*. If other or greater duties are imposed by the statute, this instruction should be modified to express those duties in the terms of the case. This instruction pertains to the landlord's duties, not the tenant's, but the committee calls attention to statutes in *F.S.* Chapter 83 imposing certain duties on the tenant, which may affect the landlord's duties as expressed in this instruction.

2.      *Common areas.* With respect to common areas, the landlord's duty to the tenant is stated in instruction 401.20d. The landlord's duty to others in common areas is the same as that owed by any landowner or possessor of land, *e.g.*, instructions 401.16a, 401.16b.

3.      *Persons invited on leased residential premises by tenant.* The landlord's duty to persons invited on leased residential premises by the tenant is the same as the landlord's duty to the tenant. *Mansur v. Eubanks*, 401 So. 2d 1328 (Fla. 1981).

4.      *Waiver.* The committee expresses no opinion about whether a tenant may waive duties owed him by the landlord. Compare *Mansur v. Eubanks*, 401 So. 2d 1328 (Fla. 1981), with *F.S.* 83.51(1)(b), 83.51(4), and 83.47 (1981).

e.      *Municipality's negligence in maintenance of sidewalks and streets:*

**whether the city negligently failed to maintain its [sidewalk] [or] [street] in a reasonably safe condition or failed to correct or warn** (claimant) **of a**

**dangerous condition of which the city either knew or should have known, by the use of reasonable care; and, if so, whether that negligence was a legal cause of [loss] [injury] [or] [damage] to** (claimant, decedent or person for whose injury claim is made)**.**

NOTE ON USE FOR 401.20e

*City of Tampa v. Johnson*, 114 So. 2d 807 (Fla. 2d DCA 1959); *Schutzer v. City of Miami*, 105 So. 2d 492 (Fla. 3d DCA 1958).