# Third District Court of Appeal

## State of Florida

Opinion filed February 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-44
Lower Tribunal No. 20-180
_____

**Macario Velasquez Perez, et al.,**
Appellants,

vs.

**Anayat Hussaini,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Serrano Farah Law, LP, and David T. Valero, for appellants.

Cole, Scott & Kissane, P.A., and Lissette Gonzalez, for appellee.

Before SCALES, LINDSEY and GORDO, JJ.

PER CURIAM.

Affirmed.  See Veterans Gas Co. v. Gibbs, 538 So. 2d 1325, 1327 (Fla. 1st DCA 1989) (stating "[t]he common law rule of *caveat lessee* provides that once a landlord delivers possession and control of the leased premises . . . the landlord is not liable for injury to the property or person of the tenant"); Brown v. Suncharm Ranch, Inc., 748 So. 2d 1077, 1078 (Fla. 5th DCA 1999) ("The duty to protect others from injury resulting from a dangerous condition on a premises rests on the party who has the right to control access by third parties to the premises, be it the owner, an agent, or a lessee of the property."); Prieto v. Miami-Dade Cnty., 803 So. 2d 780, 781 (Fla. 3d DCA 2001) ("In the absence of any record evidence that the [defendant] had actual or constructive notice of similar criminal activity at that station, the [defendant] cannot be held liable as a matter of law for the incident."); Crawford v. Miller, 542 So. 2d 1050, 1051 (Fla. 3d DCA 1989) ("The duty of the landowner to a business invitee is to maintain the premises in a reasonably safe condition and to warn the invitee of latent perils which are known or should be known to the owner but which are not known to the invitee or which, by the exercise of due care could not be known to him.  An owner is entitled to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own senses, and is not required to give the invitee notice or warning of an

2

obvious danger." (quoting Storr v. Proctor, 490 So. 2d 135, 136 (Fla. 3d DCA 1986), review denied, 500 So. 2d 546 (Fla. 1986))); Gooding v. Univ. Hosp. Bldg., Inc., 445 So. 2d 1015, 1018 (Fla. 1984) ("[A plaintiff] must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." (quoting William L. Prosser, Law of Torts § 41 (4th ed. 1971))).