375 So.2d 613 (1979)
ULTRA MARINE CORPORATION, Appellant,
v.
Johanna J. BRYANT, Appellee.
No. 78-2044.
District Court of Appeal of Florida, Third District.
October 9, 1979.
Jesse W. Miller, North Miami, for appellant.
*614 Bailey & Dawes and John H. Adams, Miami, for appellee.
Before HENDRY, KEHOE and SCHWARTZ, JJ.
PER CURIAM.
This appeal arises out of a negligence action in the trial court. After the court had entered a summary judgment on the issue of liability the cause continued to jury trial on the issue of damages. A verdict was returned in favor of the appellee/plaintiff and a judgment awarded. This appellant contends that under the facts of the case the issue of liability was improperly removed from the province of the jury.
The suit was filed by Johanna J. Bryant, seeking damages for injuries claimed to have been sustained as a result of the alleged negligence of the operator of a boat, an employee of appellant, Ultra Marine Corporation, who was demonstrating the boat to Bryant. Ultra Marine answered, denying inter alia: that the boat ride was a "demonstration ride"; that the boat operator was acting within the scope of his employment; that the operator was guilty of negligence.
A review of the record reveals that the facts in the record at the time the trial court granted its summary judgment on the issue of liability were in conflict and reasonable men sitting on a jury could have reached different conclusions had they been permitted to hear all the facts. As concisely stated by the Supreme Court of Florida in Holl v. Talcott, 191 So.2d 40 (Fla. 1966), at 43-44:
"The rule simply is that the burden to prove the nonexistence of genuine triable issues is on the moving party, and the burden of proving the existence of such issue is not shifted to the opposing party until the movant has successfully met his burden."
We conclude that the appellee has not met its burden of proof to overcome all reasonable inferences which could be drawn in favor of the opposing party. Genuine issues of material fact regarding scope of employment and negligence clearly remained unresolved at the time the summary judgment was granted in favor of the appellee, thus, it was error to grant such.
Other points have been raised by appellant; however, in light of our opinion on the first point, we need not address those.
Reversed and remanded for further proceedings not inconsistent with the views expressed herein.