389 So.2d 1070 (1980)
Riguard COLON, Appellant,
v.
Serafin LARA and Carmen Lara, Etc., et al., Appellees.
No. 79-1378.
District Court of Appeal of Florida, Third District.
October 28, 1980.
*1071 Horton, Perse & Ginsberg and Arnold Ginsberg, Hawkesworth & Schmick, Miami, for appellant.
Jeanne Heyward, Thornton & Herndon, Miami, for appellees.
Before HUBBART, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
Tenant, Riguard Colon, appeals a final summary judgment in favor of appellees (landlords) in this action to recover for injuries sustained when he slipped in the bath tub and his arm hit the shower enclosure door so that the glass shattered. Appellant has lost partial use of his left hand. Mr. Colon was a tenant in the residence leased from the Laras, appellees. We affirm.
Appellant contends that issues of fact remained to be decided concerning the landlords' obligation to comply with the Florida Residential Landlord and Tenant Act. § 83.40, Fla. Stat. (1975). He contends that the landlords violated their duty to warn of latent defects in the construction of the shower door.
Summary judgment is properly rendered "if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law... ." Fla.R.Civ.P. 1.510(c). In considering the pleadings, answers to interrogatories, and depositions contained in this file, the court was required to determine whether the issues raised were genuine or were merely speculative.
The facts disclosed that the residence was constructed in 1960 and purchased by the Laras in 1973. They leased an apartment[1] *1072 to the tenant with whom appellant lived at the time of the incident. No complaints about the shower doors had ever been received. After the incident, the broken door was stored and then disposed of or destroyed. No evidence of the nature of its composition was presented to the trial court.
A party cannot forestall the granting of relief on motion for summary judgment by raising purely paper issues. Reflex, N.V. v. Umet Trust, 336 So.2d 473 (Fla.3d DCA 1976).
On a motion for summary judgment after the movant initially demonstrates the non-existence of factual issues, the non-moving party must make a showing, aside from his pleadings, that a fact issue can be generated, unless the undisputed facts would not entitle the movant to judgment as a matter of law.
Soper v. Stine, 184 So.2d 892, 894 (Fla.2d DCA 1966). A summary final judgment is proper when a movant sustains the burden of proving the non-existence of a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); e.g. Ultra Marine Corp. v. Bryant, 375 So.2d 613 (Fla.3d DCA 1979).
Since no genuine issue of material fact was presented, and the trial court could only speculate as to the composition of the shower door, appellees were entitled as a matter of law to summary judgment in their favor. Wentz v. Independent Life & Accident Insurance Co., 254 So.2d 368 (Fla.3d DCA 1971).
It is well-established law that where the landlord has surrendered the entire possession and control of the premises to the tenant and where no fraud or concealment by the landlord is shown, the landlord is not liable for injuries to either tenant or third person. Brooks v. Peters, 157 Fla. 141, 25 So.2d 205 (1946); Wingard v. McDonald, 348 So.2d 573 (Fla.1st DCA 1977). Appellants presented the court with no evidence that would present any genuine issue of material fact that any fraud or concealment occurred.
Affirmed.
NOTES
[1] The tenant actually rented a one-family house, designated an apartment because of its proximity to another house on the same lot belonging to the Laras, which was divided into apartments.