SCHEB, Acting Chief Judge.
The appellants are the personal representatives of the estate of their minor daughter, Melissa Dixon, who died as a result of a traffic accident while a passenger in a car driven by an intoxicated minor. They challenge a final summary judgment entered in favor of appellee Gator Lanes, the bowling alley where Melissa and the driver consumed beer before the fatal accident. We affirm.
The undisputed facts are that on the evening of June 6, 1987, Melissa and the driver, and their boyfriends patronized Gator Lanes. That night the bowling alley was sparsely lit to create a disco atmosphere. During the evening, an unknown adult purchased one pitcher of beer, which he then gave to Melissa. The minors drank the beer over a two hour period while they bowled. After the young people left Gator Lanes, they participated in a pass and chase driving game during which the driver of the car Melissa was in turned up the wrong road into oncoming traffic. The tragic accident followed.
The appellants sued the bowling alley seeking to recover damages for their daughter’s death under section 768.125, Florida Statutes (1987). That section imposes civil liability on “a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age.” The trial court entered a final summary judgment in favor of Gator Lanes, finding that there was no genuine issue of material fact that Gator *803 Lanes knew or should have known that the young people were minors drinking alcohol, yet failed to stop their drinking. This appeal ensued.
Initially we note that the trial court entered summary judgment because it determined that there was nó material issue as to willfulness, an element which must be established before liability can be imposed under section 768.125. We think, however, that it was unnecessary for the court to reach the question of willfulness. Liability under this section can only be imposed when an alcoholic beverage vendor willfully “sells or furnishes ” alcohol to a minor. Thus, the first question, even before that of willfulness, is whether the alcoholic beverage vendor sold or furnished alcohol to a minor.
There was no evidence that Gator Lanes sold or gave the beer to the minors or that Gator Lanes knew when it sold the beer to the adult that it would wind up in the minors’ possession. During the course of the trial proceedings, it became apparent that the appellants were seeking to come under the “sell or furnish” language of the statute by attempting to show that Gator Lanes willfully allowed the minors to drink alcohol on its premises. They contended below, as they argue now on appeal, that the term “furnish” in section 768.125 includes the willful tolerance of underage drinking on licensed premises, regardless of the origin of the alcohol. The trial judge accepted this suggested interpretation of the word “furnish” and went on to reach the issue of willfulness. We, however, do not interpret “furnish” so broadly.
We note that no Florida appellate court has held an alcoholic beverage vendor civilly liable under the statute unless it sold alcohol directly to a minor or vicariously through a sale to an adult, knowing that the alcohol was destined for a minor’s consumption. See, e.g., Migliore v. Crown Liquors of Broward, Inc., 448 So.2d 978 (Fla.1984); Gorman v. Albertson’s, Inc., 519 So.2d 1119 (Fla. 2d DCA 1988); Prevatt v. McClennan, 201 So.2d 780 (Fla. 2d DCA 1967).
We decline to read into the statute the enlarged concept of liability that the appellants advocate, especially in light of our supreme court’s holding that section 768.-125 was enacted to limit vendors’ liability. Migliore at 981. We recognize that passive tolerance of underage consumption is a criminal violation of section 562.11(l)(a), Florida Statutes (1987). In section 562.-ll(l)(a), the legislature clearly indicated that an alcoholic beverage vendor violates the law not only by selling, giving, or serving alcohol to minors but by permitting a minor to consume alcohol on licensed premises. Thus, it is clear that when the legislature intends to reach the evil of tolerating underage drinking on licensed premises, it can be specific. As the supreme court pointed out in Migliore, the fact that section 768.125 was amended after judicial decisions construing section 562.11(l)(a) evinces the legislature’s intent to limit the liability of alcoholic beverage vendors. It is apparent to us that the legislature has chosen to reach such tolerance by criminal, as opposed to civil, sanctions.
Accordingly, we affirm the final summary judgment in favor of Gator Lanes.
CAMPBELL and ALTENBERND, JJ., concur.