COPE, Judge.
Sondra O’Neale, as parent and legal guardian of Leonard Michael Riley O’Neale, *645 appeals an adverse summary judgment. We reverse.
Because this is an appeal from a summary judgment, we take the facts in the light most favorable to the plaintiff as the non-moving party.
In March, 1991 Riley O’Neale and three other teenage boys drove to a Shell service station to buy beer. They parked the ear out of sight of the service station attendant.
Lewis Last, who was seventeen, went inside to buy beer. He had bought beer at this service station previously. Last bought at least two, possibly four, six-packs, as well as ice.
Last returned to the car with the beer. Last did not consume any beer and served as the “designated driver” for most of the evening. Later, however, another seventeen year old, Jason Fritz, began driving.[1] Fritz had consumed the beer purchased that evening and had become intoxicated. While driving, Fritz caused an accident in which O’Neale was injured.
Plaintiff brought a personal injury action. At issue in this appeal are plaintiffs claims against the service station owner and related defendants for unlawfully furnishing beer to minors. The defendants are service station employee Ed Murdock, the service station owner Haruth, Inc., Shell Oil Company, and two other individuals.[2]
The question before us is the proper interpretation of section 768.125, Florida Statutes (1991). The statute provides in part:
A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become hable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age ... may become liable for injury or damage caused by or resulting from the intoxication of such minor-
(Emphasis added).
The phrase at issue here is “sells or furnishes.” Id. It is undisputed that Last went into the store alone. He purchased the beer, carried it to the waiting car, and the boys drove away. The trial court took the view that the service station had sold or furnished alcohol only to Last. Since Last did not consume the alcohol or cause any injury, the court concluded that the service station defendants had no liability. Accordingly the court entered summary judgment for the service station defendants.
At the time the summary judgment motion was scheduled for consideration, plaintiff moved for a continuance. Pursuant to leave of court, plaintiff had just added service station employee Ed Murdock as a defendant. Murdock allegedly was the employee who sold the beer to Last.[3] At the time of the summary judgment hearing, Murdock had just been served and had not yet obtained counsel. Consequently, plaintiff had been unable to take Murdock’s deposition. Plaintiff also had been unable to take the deposition of nonparty Lewis Last, who had made the beer purchase.
The plaintiff argued that summary judgment was premature until those depositions — of Last as the buyer and Murdock as the alleged seller of the beer — were taken. Plaintiff contended that if Last made statements to Murdock at the time of the purchase indicating that the beer was destined for his underage friends, such statements would put the seller on notice that the seller was furnishing the alcoholic beverages not just to Last, but also to his underage friends. With such notice, the sale to Last would accomplish selling or furnishing alcohol to the other minor occupants of the ear, within the meaning of section 768.125.
*646 Under the trial court’s interpretation, the statute applied only to Last — the person who physically purchased the beer. Under that reading, it made no difference what occurred in the conversation at the time Last made the purchase. Accordingly the trial court denied the request for continuance and entered summary judgment.
In our view the trial court read the statute too narrowly, and the summary judgment was premature. In Migliore v. Crown Liquors of Broward, Inc., 448 So.2d 978 (Fla.1984), the supreme court canvassed a number of decisions involving civil liability for sale of alcohol to minors. In explaining why no liability had been found in two earlier cases, Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 710 (Fla.1978), and Stanage v. Bilbo, 382 So.2d 423 (Fla. 5th DCA 1980), the court said:
“In contrast, the minors in Bryant, to whom the rum was illegally sold, were not alleged to have consumed the alcoholic beverage, nor were facts alleged indicating that the seller had reason to believe that the rum was going to be consumed by Bryant or others, whose impairment of faculties resulting from consumption of alcoholic beverages caused Bryant’s injuries. Likewise, in Stanage there was no showing that the injuries resulted from the consumption by the purchasing minor of the illegally sold beer nor were facts alleged from which it could be said that the seller should have foreseen that the beer was likely to be consumed by the minors whose impaired condition might have caused the injuries in question.”
Migliore v. Crown Liquors of Broward, Inc., 448 So.2d at 980 (citations omitted; emphasis added). See generally Ellis v. N.G.N. of Tampa, Inc., 586 So.2d 1042, 1046 (Fla.1991).
More recently, the second district has noted that there is liability under the statute for a sale of “alcohol directly to a minor or vicariously through a sale to an adult, knowing that the alcohol was destined for a minor’s consumption.” Dixon v. Saunders, 565 So.2d 802, 803 (Fla. 2d DCA 1990) (emphasis added; citations omitted). If there is liability for sale to an adult knowing that the alcohol is destined for a minor’s consumption, plainly there is also liability if a vendor sells to a minor, knowing that the alcohol is destined for another minor’s consumption.
In sum, if a vendor sells alcohol to minor A, and there are facts putting the vendor on notice that minor A will furnish the alcohol to minor B, then the vendor “sells or furnishes” alcohol to both A and B within the meaning of the statute. In the present case, if at the time of the purchase of the beer Last made statements putting the seller on notice that the beer was destined for Last’s underage companions waiting in the car, then the seller sold or furnished the beer not only to Last, but also to the underage occupants of the car.
At the time of the summary judgment hearing below, Murdock was a newly added defendant who had just been served and who did not yet have counsel. The plaintiff also reported difficulty in locating Last, who is not a party to the litigation. The trial court’s denial of the request for a continuance was entirely understandable in light of its interpretation of the statute, because under the interpretation adopted by the trial court, it would make no difference what Last and Murdock said during the purchase of the beer.
However, under the interpretation we adopt, the conversation which occurred during the purchase is relevant and could form a basis for liability. Accordingly, we conclude that the summary judgment was premature. Plaintiff should have an opportunity on remand to take the requested depositions. This ruling is, of course, without prejudice to the trial court to entertain any appropriate motion for summary judgment at the conclusion of discovery.
The plaintiff asks us to go farther and to rule that the quantity of beer purchased, standing alone, would put the service station on notice that Last was buying beer for delivery to other minors, and not for his own consumption. The decided cases are to the contrary. The statute applies to a person who ‘‘willfully and unlawfully sells or furnishes alcoholic beverages” to a minor. § 768.125, Fla.Stat. (1991) (emphasis added); *647 see Armstrong v. Munford, Inc., 451 So.2d 480, 481 (Fla.1984). To demonstrate a willful violation there must be facts putting the seller on notice that the alcohol is destined for consumption by a specific minor or group of minors. Migliore v. Crown Liquors of Broward, Inc., 448 So.2d at 980; see also Bryant v. Jax Liquors, 352 So.2d at 543-44. Under the decided cases, proof of purchase of a quantity of alcohol which might or might not be destined for other minors is not enough to show a willful violation. Migliore, 448 So.2d at 980; Bryant, 352 So.2d at 544.
Finally, plaintiff also argues that Last was the agent for the three boys who remained in the car. Plaintiff contends that delivery to Last was constructive delivery to the boys in the ear, regardless of whether the seller had any reason to know that Last was buying for the other minors. For the reasons already stated, that argument, too, is unavailing. Because the statute requires a willful violation, there must be proof of facts putting the vendor on notice that the beer would be delivered to the minors waiting in the car. Migliore, 448 So.2d at 980; Burson v. Gate Petroleum Co., 401 So.2d 922, 923-24 (Fla. 5th DCA 1981).
We reverse the summary judgment and remand for further proceedings consistent herewith.
BASKIN, J., concurs.

. The other two individuals are Harold Hershoff and Craig Hershoff, officers of Haruth.
Plaintiff also made claims against Jason Fritz, Fritz' grandmother (the automobile owner), and the Florida Department of Transportation. Those claims are not at issue here.

.Murdock denies that he was the attendant who made the sale.