GERSTEN, Judge,
dissenting.
I respectfully dissent.
The majority opinion determines that the trial court interpreted section 768.125, Florida Statutes (1991), too narrowly and entered summary judgment prematurely. Since section 768.125 is a limiting statute, and since the appellant had ten months to allege facts sufficient to withstand the motion for summary judgment, I respectfully dissent.
Appellees are the franchisee/owner and related parties of the service station at which Lou Last, a minor, purchased beer. Appellant, Sondra O’Neale, is the parent and guardian of the minor who was a passenger injured in an automobile accident caused by the driver, Jason Fritz, an intoxicated minor. At issue in this appeal are appellant’s claims against appellees for willfully and unlawfully selling or furnishing beer to the non-purchaser minor who caused the accident.
Appellees moved for summary judgment ten months after the initiation of this suit. The parties had conducted discovery and appellant had already amended the complaint once. Just prior to the hearing on the summary judgment motion, the appellant unsuccessfully moved for a continuance.
On summary judgment, one of the appel-lees argued that under section 768.125, Florida Statutes (1991), the seller of alcoholic beverages is only responsible for injuries caused by the purchaser of the beer. The trial court granted the motion. Shortly thereafter, the related co-appellees adopted the same motion. One year after the suit was filed, the trial court granted final judgment to all appellees.
The record revealed that four teenage boys drove to appellees’ service station to buy beer. The boys parked the car at the side of the store, out of sight of the service station attendant. Last, the minor who purchased the beer, entered appellees’ store alone. However, he did not consume any beer. Jason Fritz, another minor, consumed some of the beer. Some time later, while he was driving, Fritz caused the accident in which appellant’s son was injured. Last was not even in the car at the time of the accident.
During the summary judgment hearing, the appellant neither alleged nor presented any evidence that the seller had notice of a minor, other than the purchaser, who would consume the beer. In opposing the motion, appellant merely indicated that there remained a question as to whether the seller had notice that he was furnishing beer to minors other than the purchaser.
The trial court correctly applied a narrow interpretation to section 768.125. In Migliore v. Crown Liquors of Broward, Inc., 448 So.2d 978, 981 (Fla.1984), the Florida Supreme Court found that section 768.125 is a limitation on the liability of vendors of intoxicating beverages. Thereafter, the supreme court explained that the Legislature had passed section 768.125, which limited a vendor’s liability, in response to the trend of *648 judicial decisions which had broadened vendor liability. Bankston v. Brennan, 507 So.2d 1385 (Fla.1987). It would therefore be anomalous and illogical for this court to hold that a statute enacted to limit pre-existing vendor liability should be interpreted in this expansive manner.
Section 768.125 applied only to Last — the minor who purchased the beer — and any injury or damage caused by Last’s intoxication. Since Last neither consumed the beer, nor caused any injury, there is no liability on the part of the appellees. Therefore, I would affirm the summary judgment entered under the statute.
Assuming arguendo, that the broad interpretation of the statute is appropriate and that the statute’s critical words are “sells or furnishes,” the summary judgment must still be affirmed.
The majority cites Migliore for the proposition that a vendor who willfully sells alcohol to minor A, knowing that minor A will furnish the alcohol to minor B, is liable for injury or damage caused by minor B’s intoxication. However, the Migliore quote cited for this proposition[1] clearly requires the plaintiff to allege facts indicating knowledge by the seller that the alcohol sold was to be consumed by minors other than the purchaser. No such facts have been alleged in this case. Ten months after initiating this suit, conducting discovery and amending the complaint, appellant still had not alleged that the seller knew that the beer was to be consumed by anyone other than the purchaser. There is no allegation that the seller knew that the beer would wind up in Fritz’s possession after the sale to Last.
Our sister court recently affirmed summary judgment for a defendant bowling alley which was sued by the parents of a minor who died as a result of a traffic accident. Dixon v. Saunders, 565 So.2d 802 (Fla. 2d DCA 1990). The deceased was a passenger in a car driven by an intoxicated minor. An unknown adult had purchased beer at the bowling alley and given it to the deceased and the driver. The minors drank the beer while they bowled. Summary judgment was appropriate since there was no evidence that the bowling alley sold or furnished the beer to the minors, or that the bowling alley “knew when it sold the beer to the adult that it would wind up in the minors’ possession.” Id. at 803 (emphasis added).
At a summary judgment hearing, the court must only consider those issues framed in the pleadings. Reina v. Gingerale Corp., 472 So.2d 530, 531 (Fla. 3d DCA 1985). The court is not to consider those issues argued only in opposition to the motion for summary judgment. Reina, 472 So.2d at 531. The trial court must then determine whether the issues raised were genuine or were merely speculative.
On a motion for summary judgment after the movant initially demonstrates the nonexistence of factual issues, the non-moving party must make a showing, aside from his pleadings, that a fact issue can be generated, unless the undisputed facts would not entitle the movant to judgment as a matter of law.
Colon v. Lara,, 389 So.2d 1070, 1072 (Fla. 3d DCA 1980) (emphasis added) (quoting Soper v. Stine, 184 So.2d 892, 894 (Fla. 2d DCA 1966)).
In this case, the first time that appellant questioned whether the appellees had knowledge of minors, other than Last, who were furnished alcohol, was in opposition to summary judgment. Appellant failed to demonstrate that a fact issue could be generated. Ten months after filing this complaint, appellant merely indicated that a fact issue might *649 be generated as to the appellees’ notice of other minors, and then only after further discovery.
Summary judgment was appropriate since appellant failed to establish that a fact issue existed or could be generated. Speculation that a fact issue might be raised was insufficient to withstand a motion for summary judgment. Colon, 389 So.2d at 1072. The granting of the motion for summary judgment was not premature since ten months had elapsed since the suit was filed. Therefore, I would affirm the order granting summary judgment even under the majority’s broad interpretation of the statute.

. In contrast, the minors in Bryant, to whom the rum was illegally sold, were not alleged to have consumed the alcoholic beverage, nor were facts alleged indicating that the seller had reason to believe that the rum was going to be consumed by Bryant or others, whose impairment of faculties resulting from consumption of alcoholic beverages caused Bryant's injuries. Likewise, in Stanage there was no showing that the injuries resulted from the consumption by the purchasing minor of the illegally sold beer nor were facts alleged from which it could be said that the seller should have foreseen that the beer was likely to be consumed by the minors whose impaired condition might have caused the injuries in question.
Migliore v. Crown Liquors of Broward, Inc., 448 So.2d at 980 (emphasis added) (quoting Burson v. Gate Petroleum Co., 401 So.2d 922, 924 (Fla. 5th DCA 1981)).