648 So.2d 824 (1995)
Nora HAMIDEH, Appellant,
v.
K-MART CORPORATION, Appellee.
No. 93-2756.
District Court of Appeal of Florida, Third District.
January 4, 1995.
Rehearing Denied February 8, 1995.
Louis S. St. Laurent, Miami, for appellant.
Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley and Cindy J. Mishcon, Miami, for appellee.
Before SCHWARTZ, C.J., and GODERICH and GREEN, JJ.
GODERICH, Judge.
The plaintiff, Nora Hamideh, appeals from a final summary judgment entered in favor of the defendant, K-Mart Corporation.
The plaintiff was injured when she fell on a slippery substance on the floor of a K-Mart store. Subsequently, she filed a complaint against K-Mart alleging that it was negligent in failing to maintain the premises in a clean and safe condition.
During discovery, K-Mart took the depositions of the plaintiff and of an eyewitness. The plaintiff testified that there was an employee, apparently stocking shelves, in the shampoo aisle where she fell. The plaintiff explained that she slipped and fell within four steps of that employee. The plaintiff indicated that "a clear, liquid something in [sic] the floor" had caused her to fall. She explained that she saw the liquid herself "because there was some on [her] shoe at the time." When the plaintiff was questioned further about the nature of the substance that caused her to fall, she stated that she did not touch it, she did not smell it, nor did she know what it was. She also indicated that she did not know who put it there, how it got there, how long it had been there, whether any of the defendant's employees knew that it was there, whether there were any cart marks or tracks through it, or whether there was any dirt in it.
The testimony given by the eyewitness was substantially similar to that of the plaintiff; however, she identified the substance as a liquid, like soap or shampoo. She also confirmed that a K-Mart employee was stocking shelves on the other side of the aisle where the plaintiff fell.
Based on the insufficiency of the evidence contained in these two depositions, the defendant filed a motion for summary judgment. The defendant alleged that summary judgment was proper because of "the lack of constructive knowledge or actual knowledge on its part as to the presence of the foreign substance."
*825 At the hearing on the defendant's motion for summary judgment, the plaintiff contended that the defendant, as employer, had actual or constructive notice. She argued that because the defendant's employee was stocking shampoo bottles in the same aisle where the plaintiff fell on a shampoo-like substance, a reasonable inference could be drawn that the defendant's employee had caused the shampoo-like substance to be on the floor. Furthermore, since the defendant's employee had caused the shampoo-like substance to be on the floor, the employer had notice of this dangerous condition. The plaintiff supported her argument with the depositions discussed above and the plaintiff's affidavit. Specifically, the affidavit stated that at the time that she fell, "there was an employee working in the shampoo isle [sic] and that said employee appeared to be putting bottles in the shampoo shelves from boxes in the isle [sic] close to the vicinity of where the affiant suffered her fall."
The trial court rejected the plaintiff's argument, found that the facts did not support an inference of constructive notice, and granted the defendant's motion for summary judgment. This appeal follows.
The plaintiff contends that the trial court abused its discretion by granting defendant's motion for summary judgment. We disagree. The trial court correctly granted the defendant's motion for summary judgment where a reasonable inference, creating a presumption of notice on the part of the defendant, could not be drawn from the facts reflected by the record. See Winn Dixie Stores, Inc. v. Gaines, 542 So.2d 432 (Fla. 4th DCA 1989); Friedman v. Biscayne Restaurant, Inc., 254 So.2d 831 (Fla. 3d DCA 1971). The fact that a store employee may have been stocking shelves with shampoo bottles in the same aisle where the plaintiff slipped and fell on a substance that may have been shampoo is insufficient, without more, to create an inference that the employee caused the shampoo-like substance to be on the floor of the store. Consequently, there can be no reasonable inference that the defendant had either actual or constructive notice of the dangerous condition. The trial court properly granted the defendant's motion for summary judgment, and accordingly, we affirm.