COPE, Judge.
Defendant-appellant Orlando Torres appeals a final judgment in a trip-and-fall case. We conclude that defendant’s motion for directed verdict should have been granted, and reverse the final judgment.
Landlord Torres rented a residence to tenant Roberto Fernandez. Prior to turning over the premises, the landlord laid wall-to-wall carpet in the bedrooms and white ceramic tile in the hallway immediately outside the bedrooms. When this work was completed, the tile and the carpet were substantially level.
During the three and one-half to four years that the tenant resided in the premises, the carpet at the bedroom door became somewhat pressed down as a result of the foot traffic in and out of the bedroom. Consequently, there was a slight elevation change between the carpet surface and the tile surface.
Tenant held a party attended by his sister, plaintiff-appellee Petrona Garcia. Plaintiff wore high heels to the party and, in walking out of the bedroom, caught her heel on the edge of the tile and fell. She sued the landlord and her brother, the tenant, for negligence. The jury returned a verdict finding the landlord 75 percent negligent and the tenant 25 percent negligent. The landlord has appealed.
We conclude that the landlord’s motion for directed verdict should have been granted. Both the landlord and the tenant agreed that the tile surface and the carpet surface were approximately level when originally installed. The tenant testified that over the three and one-half to four years that he occupied the residence, the carpet at the doorway entrance became somewhat pressed down because of foot traffic. The tenant did not consider this to be a problem and never complained to the landlord or asked the landlord to take any corrective action. Assuming that the pressed down condition of the carpet could be said to constitute a dangerous condition, the landlord was entitled to a directed verdict on authority of Mansur v. Eubanks, 401 So.2d 1328 (Fla.1981). “After the tenant takes possession, the landlord has a continuing duty to exercise reasonable care to repair dangerous defective conditions upon notice of their existence by the tenant, unless waived by the tenant.” Id. at 1330.*
Plaintiff contends, however, that there was a slight difference in level when the tile and carpet were originally installed. That argument is not supported by the evidence. Both the landlord and the tenant testified that the tile and carpet were level when originally installed. Furthermore, this court has held that:
[T]he step-down between the tile floor of an apartment hallway and the carpeted, necessarily flexible, pile surface of the adjacent bedroom which came to the same level, and upon which the plaintiff fell, was so obvious that, as a matter of law, neither warning nor correction of the condition was required. Schoen v. Gilbert, 436 So.2d 75 (Fla.1983).
Sari v. Aetna Casualty and Surety Co., 452 So.2d 64, 65 (Fla. 3d DCA1984).
The final judgment is reversed and the cause remanded with directions to enter judgment in favor of the appellant landlord.
Reversed and remanded.

 It may also bear mention that plaintiff had visited in the residence over 100 times previously, and had walked in and out of the same bedroom door numerous times without incident, and without registering any complaint with her brother or the landlord.