GODERICH, Judge
(dissenting).
I respectfully dissent. The complaint alleges that the plaintiff slipped and fell on water on the bathroom floor of the plaintiffs hospital room. The evidence showed that on July 13, 1994, prior to 5:00 p.m., the plaintiff showered in her bathroom with the assistance of a nurse while seated in a shower chair. The nurse placed a bath blanket on the floor to keep the area around the shower and commode dry. The nurse testified that no water splashed beyond the shower curtain. After the plaintiff completed her shower, the plaintiff dried off in the shower area, put on a clean gown, and was wheeled back to her bed. Following the shower, the nurse used the bath,blanket and other towels to wipe the floor to insure that it was dry. The evidence further demonstrated that after the floor is towel dried, any remaining moisture would be gone after an hour. Further, the nurse testified that during the remainder of her shift, she returned to the plaintiffs room on several occasions and did not see any moisture on the,floor.
The plaintiff testified that she has a problem with urgency of urination which requires her to urinate approximately six to seven times each night. However, if she takes a sleeping pill, she only needs to urinate four or five times per night.
*275 On July 14, 1994 at approximately 6:30 a.m., almost 14 hours after she showered, the plaintiff went into the bathroom to use the commode. As she entered the bathroom, she did not see any wetness or moisture on the floor. After urinating, the plaintiff got off the commode and slipped on an unknown type of “wetness” on the floor. The plaintiff further testified that she did not know what type of substance was on the floor, the color of the substance, or how long it had been there.
Baptist Hospital moved for summary judgment arguing that there was no evidence that Baptist Hospital had any actual or constructive knowledge of any wet substance on the floor at the time that the plaintiff fell or that the bathroom constituted an “unsafe, hazardous and defective condition.” The trial court granted Baptist Hospital’s motion for summary judgment.
Under the facts of this case, the trial court correctly granted Baptist Hospital’s motion for summary judgment “where a reasonable inference, creating a presumption of notice on the part of the defendant [Baptist Hospital] could not be drawn from the facts reflected by the record.” Hamideh v. K-Mart Corp., 648 So.2d 824, 825 (Fla. 3d DCA), review denied, 659 So.2d 271 (Fla.1995). The fact that the plaintiff slipped in the bathroom on an unknown type of “wetness” approximately 14 hours after taking a shower when the nurse thoroughly dried the area is insufficient to create an inference that the plaintiff slipped on water that accumulated when she showered. Therefore, under the circumstances, there can be no reasonable inference that Baptist Hospital had any actual or constructive knowledge of an unknown type of “wetness” on the bathroom floor.
Further, although the complaint does not allege that the plaintiff fell as a result of the nurse’s failure to respond to the call bell, the majority opinion does seem to imply that Baptist Hospital’s liability is based, in part, on its failure to adequately respond. If the complaint had alleged a cause of action based on the nurse’s negligence in failing to respond to the call bell, I would be inclined to agree with the majority. However, since the complaint is not premised on the nurse’s negligence in failing to respond to the call bell, but solely on the accumulation of water on the bathroom floor as a result of , the plaintiff showering approximately 14 hours before the fall, I would affirm.