701 So.2d 1190 (1997)
David SIEGEL and Norma Siegel, Appellants,
v.
DEERWOOD PLACE CORPORATION, et al., Appellees.
No. 96-3027.
District Court of Appeal of Florida, Third District.
November 5, 1997.
Rehearing Denied December 10, 1997.
*1191 Robert C. Maland; R.A. Nunez; Il Young Choi, Miami, and Dorothy F. Easley, Coral Gables, for appellants.
John S. Freud; Peter E. Abraham, Miami, for appellees.
Before NESBITT, GODERICH and SHEVIN, JJ.
PER CURIAM.
The plaintiffs, David Siegel and Norma Siegel, appeal from an adverse final summary judgment and from the denial of their motion for rehearing. We affirm.
In the underlying personal injury action, the Siegels brought suit against the owner of the rental townhouse where they lived, Deerwood Place Corporation, and the management company that operated it, The Gannon Management Company Florida. The Siegels sought damages for the injuries sustained by David Siegel when he fell down the stairs of the townhouse. They alleged that the stairway in the townhouse had been negligently designed, installed, and maintained. Specifically, they claimed that David Siegel fell because the carpet on the stairs was loose. The defendants answered the complaint and filed affirmative defenses stating that they did not have actual or constructive notice of the alleged defects in the stairway.
Thereafter, the defendants moved for summary judgment on the basis that they did not have notice of the alleged dangerous condition. At the summary judgment hearing, the defendants argued that not only did they not have notice of the alleged dangerous condition, but also that the plaintiffs had failed to allege and demonstrate "fraud and concealment" on the part of the defendants as required by Colon v. Lara, 389 So.2d 1070 (Fla. 3d DCA 1980). The trial court granted summary judgment citing to Colon in its order. The plaintiffs' appeal follows.
The Siegels contend that the trial court erred by granting summary judgment based on the authority of Colon. Although we agree with the plaintiffs, we affirm the summary judgment.
The Colon court held that "where the landlord has surrendered the entire possession and control of the premises to the tenant and where no fraud or concealment by the landlord is shown, the landlord is not liable for injuries to either tenant or third person." Colon, 389 So.2d at 1072. In support of this holding, the Colon court cited to Brooks v. Peters, 157 Fla. 141, 25 So.2d 205 (1946)(holding that where landlord has surrendered possession and control, tenant may not hold landlord liable for injuries in the absence of fraud and concealment). In 1981, the Florida Supreme Court overruled Brooks and held, "After the tenant takes possession, the landlord has a continuing duty to exercise reasonable care to repair dangerous defective conditions upon notice of their existence by the tenant, unless waived by the tenant." Mansur v. Eubanks, 401 So.2d 1328, 1330 (Fla.1981). Therefore, the trial court erred by applying the standard enunciated in Colon.
However, even though the trial court failed to apply the correct standard, we find that summary judgment was still appropriate because the defendants lacked actual or constructive notice of the alleged dangerous condition. Mansur, 401 So.2d at 1330; Torres v. Garcia, 694 So.2d 94 (Fla. 3d DCA 1997). The plaintiffs' depositions clearly indicate that, prior to the accident, they never observed *1192 any problems with the stairs and that, prior to the accident, they never reported to the defendants any problems with the stairs.
Additionally, there is no evidence that tends to establish that the defendants knew or should have known of the alleged dangerous condition. The plaintiffs argue that their expert's affidavit detailing the discovery of construction staples in the area where Mr. Siegel fell creates a presumption of notice on the part of the defendants. They further argue that a reasonable inference can be drawn from the presence of the construction staples that the defendants improperly installed the carpet or that they negligently attempted to repair the defective carpeting and conceal the dangerous condition. We reject this argument because the plaintiffs have failed to produce any evidence regarding who installed the staples or how long the staples had been there prior to the accident. Hamideh v. K-Mart Corp., 648 So.2d 824 (Fla. 3d DCA), review denied, 659 So.2d 271 (Fla.1995); Winn Dixie Stores, Inc. v. Gaines, 542 So.2d 432 (Fla. 4th DCA 1989); Friedman v. Biscayne Restaurant, Inc., 254 So.2d 831 (Fla. 3d DCA 1971). Accordingly, we find that the trial court properly entered final summary judgment in favor of the defendants.
The plaintiffs' remaining points lack merit.
Affirmed.